

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIBEL A. GOMEZ, | No.    15-35359 |
| Petitioner-Appellant, | D.C. No. 2:14-cv-00222-RMP |
| v. | |
| JANE PARNELL, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted December 7, 2016[**]
Seattle, Washington

Before:  McKEOWN, TALLMAN, and CHRISTEN, Circuit Judges.

Maribel Gomez, a Washington state prisoner, appeals the denial of her 28

U.S.C. § 2254 habeas corpus petition challenging her Grant County Superior Court

conviction by bench trial for homicide by abuse of her twenty-five-month old son,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Rafael. Gomez claims that her trial counsel, Robert Moser, provided ineffective assistance by failing to produce adequate expert testimony regarding her defense. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

The Washington Supreme Court reasonably determined that Moser's preparation of the expert witness, Dr. Ophoven, did not amount to ineffective assistance of counsel. *See* 28 U.S.C. § 2254(d)(1); *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). While Moser may have provided Dr. Ophoven with some of the necessary materials inconveniently close to her scheduled testimony, Dr. Ophoven was nonetheless able to fully review them, write a complete report, and provide adequate testimony in support of the defense at trial. There is no evidence that Dr. Ophoven's opinion as to the cause of death—aspiration pneumonia—would have changed had she received the information earlier. Gomez therefore cannot show that Moser's preparation of Dr. Ophoven prejudiced her at trial. *See Strickland*, 466 U.S. at 687.

Further, any "concession" by Moser as to a history of abuse did not prejudice Gomez's trial. Not only was there ample evidence in the record to support such a finding, but abuse is also not an element of the crime of homicide by abuse. *See* WASH. REV. CODE § 9A.32.055(1). Rather, homicide by abuse requires a pattern of assault or torture. *Id.* As such, Dr. Ophoven's testimony did

2

not actually concede any element of the crime, and the trial judge recognized and carefully articulated the distinction between abuse and assault or torture in his written verdict. Thus, Gomez has not shown that the outcome of her trial would have been different. *Strickland*, 466 U.S. at 694.

The Washington Supreme Court also properly determined that Moser was not ineffective by failing to consult additional experts regarding the alleged pattern of assaults and the evidence of violent shaking. Although Gomez claimed that various experts could have testified at trial regarding alternative causes of death, the testimonies she offered were limited to one or two injuries sustained by Rafael and did not attempt to explain Rafael's long history of abuse. Moreover, the expert testimonies envisioned by Gomez did not speak to the trial judge's conclusion on the cause of death. Because those testimonies attempted to undermine the state's evidence on violent shaking—but did not directly rebut the ultimate factual finding that Rafael died of blunt force trauma—there is no indication that the trial judge would have reached a different verdict. Gomez again fails to show she suffered any prejudice at trial. *Id.*

Our review of the Washington Supreme Court's resolution of the *Strickland* claim is "doubly deferential" under the AEDPA, *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 121 n.2, 123

(2009)), and on this record we cannot say that the state court's judgment "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1). The decision of the district court is

**AFFIRMED.**